1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. LOPEZ, JUAN CARLOS APOLINAR, JUAN JOSE ESTRADA SOTA, JUAN JOSE CERVANTES, ISMAEL CUEVAS, REYNAR MENDOZA AND JESUS RODRIGUEZ, on behalf of themselves and all other similarly situated individuals, | ) ) ) ) ) ) ) ) ) |

08 cv 00121 LJO GSA

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs,

(Document 14)

v.

LASSEN DAIRY, INC.
(doing business as "Meritage Dairy"),

Defendant.

18
19
20

## INTRODUCTION

On July 29, 2008, Plaintiffs filed a Motion to Amend the First Amended Class Action Complaint (hereinafter "FAC").  Plaintiffs seek to add four additional defendants to the FAC including three California corporations : 1) Tule River Farms, Inc. (hereinafter, "Tule Farms"), 2) Tule River Ranch, Inc. (hereinafter, "Tule Ranch"), and 3) Bonanza Farms, as well as one individual, William Vander Poel, Sr. (hereinafter, "Vander Poel"). Plaintiffs assert that these proposed Defendants are liable in the Second Amended Class Action Complaint (hereinafter, "SAC") based on three theories : (1) as joint employers, 2) as alter egos, and/or 3) as persons who "caused" the alleged violations. On August 26, 2008, Defendant Lassen Dairy, Inc. filed an

1

1  opposition to the motion.  On September 5, 2008, Plaintiffs filed a reply to Defendants'

2  opposition.

3     A hearing was scheduled for September 12, 2008, at 9:30 a.m.  The court vacated this

4  hearing and required that Plaintiffs file additional documentation regarding the exhaustion of

5  administrative remedies.  Plaintiffs filed the additional documentation requested on September

6  19 and 23, 2008, and October 17, 2008, respectively. The court has reviewed all of the filings

7  and has determined that this matter is suitable for decision without oral argument pursuant to

8  Local Rule 78-230(h).  Having considered all written materials submitted, Plaintiffs' motion is

9  GRANTED.[1]

10                              **PROCEDURAL BACKGROUND**

11     Plaintiffs' filed their initial Complaint on January 24, 2008 naming Lassen Diary, Inc.,

12  (d/b/a "Meritage Dairy") as the sole defendant.  On March 19, 2008, Plaintiffs amended their

13  Complaint to add violations of the California Labor Code Private Attorneys General Act of 2004

14  (hereinafter, "PAGA") as a cause of action against this defendant. (Doc. 6). Defendant, Lassen

15  Dairy, Inc. filed an Answer on April 25, 2008.  (Doc. 11).  The FAC alleges eleven causes of

16  action : 1) violations of the Agricultural Workers Protection Act, 2) Failure to Pay Overtime

17  Wages, 3) Failure to Pay Minimum Wages, 4) Failure to Provide Rest Periods and Meal Periods

18  or Compensation, 5) Failure to Pay Split Shift Premiums, 6) Failure to Reimburse Employee

19  Expenses, 7) Failure to Pay Timely Wages Due at Termination, 8) Failure to Maintain and

20  Provide Accurate Itemized Employee Wage Statements and Records, 9) Breach of Contract, 10)

21  Violation of Unfair Competition Law, and 11) violations pursuant to PAGA.

22     In the SAC, Plaintiffs seek to add Defendants Tule River Farms, Tule Ranch, and

23  Bonanza, to the first through tenth causes of action on the basis that they are joint employers,

24

25

26

27         [1]  The court notes that in their Reply, Plaintiffs argue that Defendant Lassen Dairy lacks standing to make
an objection on behalf of the proposed defendants.  Because this court is granting Plaintiffs' motion, it has not
28  addressed the standing issue in this decision.

1   and/or are liable under an alter ego theory of liability.[2]  Plaintiffs also seek to amend the FAC

2   pursuant to Labor Code §§ 2699 and 2699.3 in order to assert a PAGA claim of relief against all

3   of the proposed Defendants. Plaintiffs allege that the amendments are authorized under

4   California Labor Code §§ 2699.(a), 2699.3(a)(2)(A) & (c) and California Labor Code §§ 18 and

5   558 because all of these Defendants "caused" the violations alleged in the complaint.

6                                   **DISCUSSION**

7          Under Rule 15(a), a plaintiff may amend his complaint once "as a matter of course," and

8   without leave of court, before a response has been filed.  Fed.R.Civ.P. 15(a)(1);  *Bonin v.*

9   *Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  However, a party can only amend the pleading with

10  the opposing party's written consent or the court's leave once a responsive pleading has been

11  filed.  Fed.R.Civ.P. 15(a)(2).  Here, Defendant filed a responsive pleading to Plaintiffs' FAC.

12  (Doc. 11).

13         Fed. R. Civ. Proc. 15(a) provides that a court "should freely give leave [to amend] when

14  justice so requires."  The United States Supreme Court has stated:

15         [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or
           dilatory motive on the part of the movant, repeated failure to cure deficiencies by
16         amendments previously allowed, undue prejudice to the opposing party by virtue of
           allowance of the amendment, futility of amendment, etc. – the leave sought should, as the
17         rules require, be "freely given."
    *Foman v. Davis*, 371 U.S. 178, 182 (1962).

18         This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon,*

19  *Inc.*, 316 F. 3d 1048, 1052 (9th 2003) (citations omitted). The Ninth Circuit has identified four

20  factors to examine when evaluating whether leave to amend a complaint should be given

21  including : (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of

22  amendment.  *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).

23  However, not all factors merit equal weight. *Eminence Capital, LLC, v. Aspeon*, 316 F. 3d at

24  1052.  It is the consideration of prejudice that carries the greatest weight.  *Id.* Absent prejudice,

25  or a strong showing of the remaining factors, there is a presumption in favor of granting leave to

26

27         [2] Plaintiffs assert that they have pled alter ego allegations with regard to Bonanza Farms, Tule River Farms,
    and Tule River Ranch, and joint employer allegations for Bonanza and Tule Farms.  Plaintiffs' Reply Brief filed
28  September 5, 2008 at pg. 6 at line 11-13 and pg. 7 line 21-25.

                                        3

1   amend. *Id.*

2       As a preliminary matter, there is no evidence that this amendment will cause undue delay

3   or that it will cause prejudice to Defendant since there has not been a scheduling conference in

4   this case and no discovery deadlines have been set.  Similarly, there is nothing to suggest that the

5   amendment was made in bad faith.  The issue, as argued by the Defendant, is whether the

6   amendments would be futile.

7       *A. Deficiencies in the Pleadings*

8       Plaintiffs seek to add Defendants Tule River Farms, Tule Ranch and Bonanza, to the first

9   through tenth causes of action on the basis that they are joint employers or are liable under an

10  alter ego theory of liability.  Defendant contends that adding the additional Defendants to the first

11  ten causes of action under these theories are misplaced as the allegations are conclusory.

12  Additionally, Defendant argues Plaintiffs failed to plead facts to establish the elements of those

13  theories.  Finally, Defendant contends there are no facts stated in the documentation attached to

14  the SAC that establish these causes of action.

15      Defendant makes similar arguments with regard to the deficiencies in the pleading for the

16  PAGA causes of action. Specifically, Defendant contends that violations asserted in the

17  complaint are insufficient as Plaintiffs allegations are merely conclusory and fail to state with

18  particularity the conduct each party engaged in to "cause" the violations.

19      Given these deficiencies in the pleadings, Defendant argues that granting leave to amend

20  would be futile.  Indeed, despite the policy favoring amendment under Rule 15, leave to amend

21  may be denied if the proposed amendment is futile or would be subject to dismissal.  *Saul v.*

22  *United States*, 928 F. 2d 829, 843 (9th Cir. 1991).  A claim is considered futile and leave to

23  amend shall not be given if there is no set of facts that can be proved under the amendment that

24  would constitute a valid claim.  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

25  However, denial on this ground is rare and courts generally defer consideration of challenges to

26  the merits of a proposed amended pleading until after leave to amend is granted and the amended

27  pleading is filed.  *See Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D.Cal. 2003)

28  (citing *Schwarzer, California Practice Guide: Federal Civil Procedure Before Trial* at 8:422

1 (The Rutter Group, 2002)).

2     A.    *Alter Ego Theories*

3     In this case, Plaintiffs' allegations, if true, may establish liability against the proposed

4 Defendants.  For example, Defendant argues that Plaintiffs failed to adequately plead an alter ego

5 theory, nor can it be inferred from an alter ego theory that  that these defendants "caused" the

6 alleged violations.  In reference to Defendant's liability under an alter ego theory, Defendant cites

7 to *Reynolds v. Bement*, 116 P. 3d 1162, 1169-1170 (Cal. 2005), for the premise that California

8 law does not impose liability on corporate shareholders and officers for wage and hour violations

9 by a corporation.  As a result, Mr. Vander Poel cannot be the alter ego of Tule Farms or Meritage

10 Dairy and Plaintiffs' alter ego theories fail.  However, *Reynolds v. Bement* suggests that PAGA

11 and § 558 would be an appropriate civil remedy in pursuing claims against a corporate agent :

12       We also disagree that our holding today poses an obstacle to the labor
      Commissioner's recovering wages owed to California workers.  Imposition of
13       individual civil liability under the IWC employer definition is not the only means
      by which an employee can seek recovery against a corporate agent... Pursuant to
14       section 558, subdivision (a), any "person acting on behalf of an employer who
      violates, or causes to be violated" a statute or wage order relating to working
15       hours is subject to a civil penalty, payable to the affected employee equal to the
      amount of any unpaid wages. As noted earlier, the Legislature has provided that
16       aggrieved employees may under certain circumstances maintain civil actions to
      recover penalties. (§ 2699, subd. (a).)
17       *Reynolds v. Bement*, 116 P. 3d at 1171.

18     The court recognizes that the alter ego theory relates to the first through the ten causes of

19 action in the complaint and not the PAGA claim, however, it is conceivable that an argument

20 could be made that given the PAGA causes of action, alter ego theories of liability may exist.

21     Moreover, California Law recognizes two criteria that must be present to establish

22 piercing the corporate veil in an alter ego case : 1) that there be such unity of interest and

23 ownership that the separate personalities of the corporation and the individual no longer exist,

24 and 2) that if the acts are treated as those of the corporation alone, an inequitable result will

25 follow. *Baize v. Estridge Companies*, 142 Cal. App. 4th 293, 302 (2006) (quoting Mesler v. Bragg

26 Management, 39 Ca. 3d 290, 300 (1985)).  Factors such as common ownership, shared

27 employees, same offices, and sharing attorneys have been identified as indicative that an alter ego

28 may exist. *Baize v. Estridge Companies*, 142 Cal. App. 4th at 303.

1   The SAC contains some of these factors.  For example, Plaintiffs allege that Vander Poel

2   Revocable Trust owns 90% of Lassen Dairy and that Tule River Farms Inc., is also owned by

3   Vander Poel's Revocable Trust Fund.  Moreover, Plaintiffs allege that Tule River Ranch's sole

4   purpose is the human resource and payroll arm for Tule River Farms, Bonanza Farms and Lassen

5   Dairy.  Finally, Plaintiffs allege that Bonanza Farms and Lassen Dairy shares employees who

6   report to the same supervisor.  It also appears that the businesses may be sharing the same

7   attorney as Lassen's attorney has filed a brief in opposition to the addition of the proposed

8   Defendants.

9   B.   *Joint Employers Theories*

10   Similarly, the Ninth Circuit has held that the concept of joint employers should be defined

11   expansively under the AWPA.  *See, Torres-Lopez v. May*, 111 F. 3d 633, 639 (9th Cir. 1997).

12   The Ninth Circuit has indicated courts must apply an "economic reality test" to determine if a

13   joint employer relationship exists.  *Id.*  There are five non-exhaustive factors under the AWPA

14   regulations that are instructive on this issue including : 1) the nature and control of the workers;

15   2) the degree of supervision, direct or indirect, of the work; 3) the power to determine the pay

16   rates or the methods of payment of the workers; 4) the right, directly or indirectly to hire, fire, or

17   modify the employment conditions of the workers; and 5) the preparation of payroll and the

18   payment of wages. *Torres-Lopez v. May*, 111 F. 3d at 639 -640.[3]

19   In light of Plaintiff's allegations as outlined above, the court will not deny Plaintiffs an

20   opportunity to amend the pleadings as there is arguably a legal basis for the alter ego and joint

21   employer theories of liability.  Defendant Lassen's arguments that the declarations and other

22

23   [3] The court also identified a number of non-regulatory factors that may be relevant to deciding whether a

24   joint employment relationship exists.  These include : (1) whether the work was a specialty job on the production line;  (2) whether responsibility under the contracts between a labor contractor and an employer pass from one labor

25   contractor to another without material changes; (3) whether the premises and equipment of the employer are used for the work; (4) whether the employees had a business organization that could or did  shift as a unit from one worksite

26   to another; (5) whether the work was piecework and not work that required initiative, judgment or foresight; (6) whether the employee had an opportunity for profit or loss depending upon the alleged employee's managerial skill;

27   (7) whether there was permanence in the working relationship; and (8) whether the service rendered is an integral part of the alleged employer's business. *Id*.

28

1  documents attached to the SAC do not establish the causes of action because those documents

2  were generated in the course of an unrelated petition to the Agricultural Labor Relations Board

3  relate to evidentiary determinations that are more appropriately made in a motion for summary

4  judgment or at trial.

5       Further, the court understands Defendant's argument that the manner in which the

6  allegations are pled are insufficient.  However, Defendants may later file a motion to dismiss and

7  in that way  the district court can further review and determine whether dismissal of any causes

8  of action is warranted. At the present however,  the court does not find  that Plaintiffs' amended

9  claims at this stage of the proceedings are futile.

10      *B. Exhaustion of Administrative Remedies*

11      Prior to commencing a civil action under PAGA, a plaintiff is required to "give written

12  notice by certified mail to the Labor and Workforce Development Agency (hereinafter,

13  "LWDA") and the employer of the specific provisions of the code alleged to have been violated.

14  Cal. Labor Code § 2699.3(a). Plaintiff may initiate a civil action after : 1) the Agency notifies the

15  Plaintiff within 30 days of receiving the notice that it does not intend to investigate the claim, or

16  2) the Agency fails to provide Plaintiff with a response within 33 days of the date of postmark of

17  Plaintiff's letter to the Agency. Id.

18      Defendant alleges Plaintiffs cannot assert a PAGA claim because they failed to properly

19  comply with the administrative notice and exhaustion requirements of California Labor Code §

20  2699.3(2)(A).  Specifically, Defendant has argued that Plaintiffs filed their FAC on March 19,

21  2008 to add a PAGA claim against Lassen Dairy, prior to sending written notice to the LWDA as

22  required.

23      In response, Plaintiffs indicate that they sent notice to the LWDA and Lassen Dairy on

24  February 1, 2008.  On February 28, 2008, the LWDA responded with a letter that it did not

25  intend to investigate the allegations contained in the notice.  Moreover, notice was filed with

26  LWDA and Defendant Lassen Dairy again adding the new Defendants on March 26, 2008.  The

27  LWDA responded on April 3, 2008.  LWDA indicated that it would not investigate the

28

1  allegations.[4] See, Declaration of Marco Palau dated July 29, 2008 (hereinafter, "Palau Decl."), at

2  Exhibit B.

3      Further, Defendant argues the March 26, 2008 notice was deficient because it failed to

4  reference Tule River Ranch.  In reply, Plaintiffs contend that the notice sent previously was

5  sufficient but they have also filed an amended notice on September 2, 2008 which includes Tule

6  River Ranch.

7      Failure to exhaust the requisite administrative remedies would render Plaintiffs'

8  amendment adding the PAGA claims futile.  Because of the discrepancy, the court ordered that

9  all documentation related to the notices sent to the LWDA on February 1, 2008 and September 2,

10 2008 be provided.  Plaintiffs filed the documentation on September 19 and 23, 2008, and

11 October 17, 2008, respectively.  This documentation establishes that Plaintiffs had sent a letter to

12 LWDA adding a PAGA claim against Defendant Lassen Dairy and that a response was received

13 from the LWDA indicating that the agency would not be pursuing an investigation prior to

14 Plaintiffs' filing the FAC on March 19, 2008.  See, Declaration of Stanley Mallison dated

15 September 19, 2008 (hereinafter, "Mallison Decl.")  at Exhibits A-C.  Further, although

16 Defendants had not listed Tule River Ranch in the March 26, 2008 letter to the LWDA, Plaintiffs

17 did send an amended letter subsequent to filing this motion.  See, Mallison Decl. At Exhibt D.

18 On October 9, 2008, the LWDA responded that it would not be investigating the alleged labor

19 code violations.  See, Declaration of Marco Palau dated October 17, 2008 at Exhibit F.

20 Accordingly, Defendant's argument that Plaintiffs failed to exhaust administrative remedies

21 appears to be moot and the court will not deny Plaintiffs' motion on this basis.  Defendants may

22 file a motion to dismiss for failure to exhaust administrative remedies if it is determined that this

23 issue is still a viable defense after being served with the SAC.

24 ///

25

26      [4] The court notes that this letter indicates that the LWDA would forward the notice to the Department of
27 Industrial Relations, Division of Labor Standards Enforcement for its review and advice regarding whether or not to
   investigate the alleged violations. Although the parties dispute whether administrative remedies were exhausted,
28 Defendant acknowledges that this letter constitutes notice of the LWDA's intent not to investigate the claims against
   the three Defendants contained in Plaintiffs' letter to the LWDA dated March 26, 2008. See, Defendant's Opposition
   at pg. 10 line 14-15.

1

## CONCLUSION

2      Accordingly, for the above reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion

3 for Leave of Court to Amend the First Amended Class Action Complaint is GRANTED.

4 Plaintiffs shall file their Second Amended Class Action Complaint within ten (10) days.

5

6      IT IS SO ORDERED.

7   **Dated:** __**October 20, 2008**__          _____**/s/ Gary S. Austin**_____
                                        UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28