Olga A. Balderama        #166476
John G. Michael          #106107

1    **BAKER MANOCK & JENSEN, PC**
          A PROFESSIONAL CORPORATION
2          FIG GARDEN FINANCIAL CENTER
      5260 NORTH PALM AVENUE, FOURTH FLOOR
         FRESNO, CALIFORNIA 93704-2209
3           TELEPHONE (559) 432-5400
            TELECOPIER (559) 432-5620

4

5    Attorneys for   Defendants LASSEN DAIRY, INC., TULE RIVER FARMS, INC., TULE RIVER
                      RANCH, INC., BONANZA FARMS, and WILLIAM VANDER POEL, SR.
6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   JOSE A. LOPEZ, JUAN CARLOS          )   Case No. 1:08-cv-00121-LJO-GSA
     APOLINAR, JUAN JOSE ESTRADA SOTA,   )
12   JUAN JOSE CERVANTES, ISMAEL         )
     CUEVAS, REYNAR MENDOZA, AND         )   **ANSWER TO SECOND AMENDED**
13   JESUS RODRIGUEZ, on behalf of themselves )  **CLASS ACTION COMPLAINT**
     and all other similarly situated individuals, )
14                                       )
                      Plaintiffs,        )
15                                       )
          v.                             )
16                                       )
     LASSEN DAIRY, INC. (doing business as )
17   Meritage Dairy"); TULE RIVER FARMS, )
     INC.; TULE RIVER RANCH, INC.;       )
18   BONANZA FARMS; and WILLIAM          )
     VANDER POEL, SR.                    )
19                                       )
                      Defendants.        )
20                                       )
     _____)
21

22        As and for an Answer to Plaintiffs' Second Amended Complaint, Defendants

23   LASSEN DAIRY, INC. doing business as Meritage Dairy, TULE RIVER FARMS, INC., TULE

24   RIVER RANCH, INC., BONANZA FARMS, and WILLIAM VANDER POEL, SR., respond and

25   allege as follows:

26                        **I.   NATURE OF THE ACTION**

27        1.        Answering Paragraph 1, Defendants admit that Plaintiffs purport to bring

28   their claims as class action on behalf of themselves and a putative class of current or former

_____
              **ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**

employees of Meritage Dairy, but Defendants deny that Plaintiffs have properly brought this case as a class action or are entitled to any relief whatsoever, either individually or on behalf of others, under the Migrant Seasonal Agricultural Workers Protection Act ("MSWPA"), because Defendants are not an "agricultural employer" and Plaintiffs are not "migrant or seasonal workers" within the meaning of that Act.  Defendants also deny that Plaintiffs have properly brought this case as a class action or are entitled to any relief whatsoever, either individually or on behalf of others under the California Labor Code; the California Business and Professions Code; California Contract Law; or the California Private Attorney General Act ("PAGA").  Except as specifically admitted, Defendants deny the remaining allegations in this paragraph.

2.      Answering Paragraph 2, Defendants deny each and every allegation contained therein.

3.      Answering Paragraph 3, Defendants admit that Plaintiffs purport to bring a PAGA claim and contend that may assert the claim alternatively as a non-class claim or as a Rule 23 class action.    Except as specifically admitted, Defendants deny the remaining allegations in this paragraph.

### JURISDICTION, VENUE, INTRADISTRICT ASSIGNMENT

4.      Answering Paragraph 4, Defendants admit that this court has jurisdiction over federal question claims pursuant to 28 U.S.C. § 1331, but Defendants deny that Plaintiffs have asserted a federal question as Defendants are not an "agricultural employer" within the meaning of the MSWPA and Plaintiffs are not "migrant or seasonal workers" within the meaning of the MSWPA.  Defendants also deny that Plaintiffs are entitled to any relief whatsoever, either individually or on behalf of others.  Except as specifically admitted, Defendants deny the remaining allegations in this paragraph.

5.      Answering Paragraph 5, Defendants deny each and every allegation contained therein.

6.      Answering Paragraph 6, Defendants admit that it is a California corporation licensed to do business and doing business in the State of California.  Defendant Lassen Dairy, Inc. also admits that it operates a dairy facility that is located in California.  Except as specifically

2

admitted, Defendants deny the remaining allegations in this paragraph.

7.    Answering Paragraph 7, Defendants admit that venue is proper in the Eastern District of California and admits that Defendants are residents of this District.  Except as specifically admitted, Defendants deny the remaining allegations in this paragraph.

8.    Answering Paragraph 8, Defendants admit the allegations of this paragraph.

## PARTIES

9.    Answering Paragraph 9, Defendants admit that during some of the relevant times alleged in the Complaint, it employed an individual named Jose A. Lopez as a non-exempt dairy employee.  Defendants also admits that during the years 2003-2006, California law specified a minimum wage of at least $6.75 per hour for all hours worked; admits that during 2007, California law specified a minimum wage of at least $7.50 per hour for all hours worked; and admits that during 2008, California law specified a minimum wage of at least $8.00 per hour for all hours worked.  Except as specifically admitted, Defendants deny the remaining allegations in this paragraph.

10.    Answering Paragraph 10, Defendants admit that during some of the relevant times alleged in the Complaint, it employed an individual named Juan Carlos Apolinar as a non-exempt dairy employee.  Defendants also admits that during the years 2003-2006, California law specified a minimum wage of at least $6.75 per hour for all hours worked; admits that during 2007, California law specified a minimum wage of at least $7.50 per hour for all hours worked; and admits that during 2008, California law specified a minimum wage of at least $8.00 per hour for all hours worked.  Except as specifically admitted, Defendants deny the remaining allegations in this paragraph.

11.    Answering Paragraph 11, Defendants admit that during some of the relevant times alleged in the Complaint, it employed an individual named Juan Jose Estrada *Soto* as a non-exempt dairy employee.  Defendants also admit that during the years 2003-2006, California law specified a minimum wage of at least $6.75 per hour for all hours worked; admits that during 2007, California law specified a minimum wage of at least $7.50 per hour for all hours

**ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**

1  worked; and admits that during 2008, California law specified a minimum wage of at least $8.00

2  per hour for all hours worked.  Except as specifically admitted, Defendants deny the remaining

3  allegations in this paragraph.

4          12.     Answering Paragraph 12, Defendants admit that during some of the

5  relevant times alleged in the Complaint, it employed an individual named Juan Jose Cervantes as a

6  non-exempt dairy employee.  Defendants also admit that during the years 2003-2006, California

7  law specified a minimum wage of at least $6.75 per hour for all hours worked; admits that during

8  2007, California law specified a minimum wage of at least $7.50 per hour for all hours worked;

9  and admits that during 2008, California law specified a minimum wage of at least $8.00 per hour

10  for all hours worked.  Except as specifically admitted, Defendants deny the remaining allegations

11  in this paragraph.

12          13.     Answering Paragraph 13, Defendants admit that during some of the

13  relevant times alleged in the Complaint, it employed an individual named Ismael Cuevas as a non-

14  exempt dairy employee.  Defendants also admits that during the years 2003-2006, California law

15  specified a minimum wage of at least $6.75 per hour for all hours worked; admits that during

16  2007, California law specified a minimum wage of at least $7.50 per hour for all hours worked;

17  and admits that during 2008, California law specified a minimum wage of at least $8.00 per hour

18  for all hours worked.  Except as specifically admitted, Defendants deny the remaining allegations

19  in this paragraph.

20          14.     Answering Paragraph 14, Defendants admit that during some of the relevant

21  times alleged in the Complaint, it employed an individual named *Raynar* Mendoza as a non-

22  exempt dairy employee.  Defendants also admit that during the years 2003-2006, California law

23  specified a minimum wage of at least $6.75 per hour for all hours worked; admits that during

24  2007, California law specified a minimum wage of at least $7.50 per hour for all hours worked;

25  and admits that during 2008, California law specified a minimum wage of at least $8.00 per hour

26  for all hours worked.  Except as specifically admitted, Defendants deny the remaining allegations

27  in this paragraph.

28          15.     Answering Paragraph 15, Defendants admit that during some of the relevant

4

**ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**

1  times alleged in the Complaint, it employed an individual named Jesus Rodriguez as a non-exempt

2  dairy employee.  Defendants also admit that during the years 2003-2006, California law specified a

3  minimum wage of at least $6.75 per hour for all hours worked; admits that during 2007, California

4  law specified a minimum wage of at least $7.50 per hour for all hours worked; and admits that

5  during 2008, California law specified a minimum wage of at least $8.00 per hour for all hours

6  worked.  Except as specifically admitted, Defendants deny the remaining allegations in this

7  paragraph.

8          16.     Answering Paragraph 16, Defendants deny each and every allegation

9  contained therein.

10          17.     Answering Paragraph 17, Defendants admit that it is doing business as

11  "Meritage Dairy" and that it operates a dairy operation at the following location: 17661 Bear

12  Mountain Blvd., Bakersfield California 93307.  Defendants admit that its agent for service of

13  process is William Vander Poel.  Defendants admit that Richard Oppedyk owns 10% of the

14  outstanding shares in Lassen Dairy, Inc.  Except as specifically admitted, Defendants deny the

15  remaining allegations in this paragraph.

16          18.     Answering the first Paragraph 18 on page 9, Defendants admit that Bonanza

17  Farms is a related entity to Lassen Dairy, Inc., and has grown all the feed for Lassen Dairy, Inc. at

18  some relevant times.  Except as specifically admitted, Defendants deny the remaining allegations

19  in this paragraph.

20          Answering the second Paragraph 18 on pages 14 through 15, Defendants

21  deny each and every allegation contained therein.

22          19.     Answering the first Paragraph 19 on page 10, Defendants admit that

23  William Vander Poel is the registered agent for service of Tule River Farms, Inc., and the address

24  of the record for the registered agent is:  3420 W. Border Links Drive, Visalia, California, 93291.

25  Except as specifically admitted, Defendants deny the remaining allegations in this paragraph.

26          Answering the second Paragraph 19 on page 15,  Defendants state that the

27  cited provisions of the California Labor Code speak for themselves, and Defendants deny each and

28  every remaining allegation contained therein.

**ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**

20.     Answering the first Paragraph 20 on page 11, Defendants admit that the address of record for Tule River Ranch Inc, is P.O. Box 1027 in Tipton, California, and its agent for service or process is William Vander Poel, 3420 W. Border Links Drive, Visalia, California 93291.  Except as specifically admitted, Defendants deny the remaining allegations in this paragraph.

Answering the second Paragraph 20 on page 15, Defendant  Defendants state that the cited provisions of the California Labor Code speak for themselves, and Defendants deny each and every remaining allegation contained therein.

21.     Answering the first Paragraph 21 on page 11, Defendants admit that William Vander Poel has control over employees at issue in this complaint.  Except as specifically admitted, Defendants deny the remaining allegations in this paragraph.

Answering the second Paragraph 21 on pages 15-16, Defendants state that the cited provision of the California Labor Code speaks for itself.

22.     Answering the first Paragraph 22 on page 11, Defendants admit that the Petition of Lassen Dairy, Inc. Excepting Regional Director's Report on Challenged Ballots is attached to Plaintiffs' Second Amended Complaint as Exhibit A.  Except as specifically admitted, Defendants deny the remaining allegations in this paragraph.

Answering the second Paragraph 22 on page 16,  Defendants deny each and every allegation contained therein.

23.     Answering the first Paragraph 23 on page 11, Defendants admit that Lassen Dairy Inc.'s Supporting Statement of Facts and Law re Objections to (1) Determination of the Agricultural Unit and of the Employees in Agricultural Unit (2) Conduct of the Election; (3) Other Conduct Affecting the Results of the Election is attached to Plaintiffs' Second Amended Complaint as Exhibit B.  Except as specifically admitted, Defendants deny the remaining allegations in this paragraph.

Answering the second Paragraph 23 on page 16,  Defendants state that the cited provisions of the California Labor Code speak for themselves, and Defendants deny each and every remaining allegation contained therein.

6

**ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**

24.     Answering Paragraph 24 on page 11, Defendants deny the allegations in this paragraph.

25.     Answering Paragraph 25 on page 11, Defendants deny the allegations in this paragraph.

## II.     FACTUAL BACKGROUND

26.     Answering Paragraph 26 on pages 11 through 14, Defendants admit that Plaintiffs purport to bring their claims as class action on behalf of themselves and a putative class of current or former employees of Meritage Dairy, but Defendants deny that Plaintiffs have properly brought this case as a class action or are entitled to any relief whatsoever, either individually or on behalf of others, under the Migrant Seasonal Agricultural Workers Protection Act ("MSWPA"); the California Labor Code; the California Business and Professions Code; California Contract Law; or the California Private Attorney General Act ("PAGA").  Except as specifically admitted, Defendants deny the remaining allegations in the first Paragraph 19 on pages 9 and 10, including all subparagraphs.

27.     Answering Paragraph 27 on page 14, Defendants deny each and every allegation contained therein.

28.     Answering Paragraph 28 on page 14, Defendants deny each and every allegation contained therein.

29.     Answering the first Paragraph 29 on page 14, Defendants deny each and every allegation contained therein.

Answering the second Paragraph 29 on page 17, Defendants admit that its employment records would provide information as to the number of its non-exempt employees and as to the location of some of its non-exempt employees.  Except as specifically admitted, Defendants deny the remaining allegations of the first Paragraph 29 on page 14.

30.     Answering Paragraph 30 on page 14, Defendants deny each and every allegation contained therein.

31.     Answering Paragraph 31 on page 14, Defendants deny each and every allegation contained therein.

7

### III.    CLASS ACTION ALLEGATIONS

32.    Answering Paragraph 32, Defendants deny each and every allegation contained therein.

33.    Answering Paragraph 33, Defendants deny each and every allegation contained therein.

34.    Answering Paragraph 34, Defendants admit that during some of the relevant time period, it has employed 100 persons or more denies each and every allegation contained therein.

35.    Answering Paragraph 35, Defendants admit that some of its employees speak Spanish.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and, therefore, Defendants deny such allegations.

36.    Answering Paragraph 36 on pages 17 to 19, Defendants deny each and every allegation of said paragraph, including all paragraphs.

37.    Answering Paragraph 37, Defendants deny each and every allegation contained therein.

38.    Answering Paragraph 38, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of the third sentence, and therefore, Defendants deny such allegations on that basis.  Defendants deny each and every remaining allegation contained in Paragraph 38.

39.    Answering Paragraph 39, Defendants deny each and every allegation contained therein.

40.    Answering Paragraph 40, Defendants deny each and every allegation contained therein.

### IV.    CAUSES OF ACTION

41.    Answering Paragraph 41, Defendants admit that Plaintiffs are attempting to bring this action on behalf of themselves and on behalf of a putative class.  Defendants deny each and every remaining allegation contained therein.

8

**ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**

1

## FIRST CAUSE OF ACTION

2

### (ALLEGED VIOLATION OF AWPA aka MSWPA)

3      42.     Answering Paragraph 42, Defendants incorporate its answers to the

4   preceding paragraphs as though fully set forth herein.

5      43.     Answering Paragraph 43, Defendants deny each and every allegation

6   contained therein.

7      44.     Answering Paragraph 44, Defendants deny each and every allegation

8   contained therein.

9

## SECOND CAUSE OF ACTION

10

### (ALLEGED FAILURE TO PAY CALIFORNIA OVERTIME COMPENSATION)

11     45.     Answering Paragraph 45, Defendants incorporate its answers to the

12   preceding paragraphs as though fully set forth herein.

13     46.     Answering Paragraph 46, Defendants state that the provision of the

14   California Labor Code speaks for itself and denies each and every remaining allegation contained

15   therein.

16     47.     Answering Paragraph 47, Defendants state that the provision of the

17   California Labor Code speaks for itself.

18     48.     Answering Paragraph 48, Defendants deny each and every allegation

19   contained therein.

20     49.     Answering Paragraph 49, Defendants state that the provisions of the

21   California Labor Code and the California Business and Professions Code speak for themselves,

22   and denies each and every remaining allegation contained therein.

23     50.     Answering Paragraph 50, Defendants deny each and every allegation

24   contained therein.

25

## THIRD CAUSE OF ACTION

26

### (ALLEGED FAILURE TO PAY MINIMUM WAGE)

27     51.     Answering Paragraph 51, Defendants incorporate its answers to the

28   preceding paragraphs as though fully set forth herein.

**ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**

52. Answering Paragraph 52, Defendants deny each and every allegation contained therein.

53. Answering Paragraph 53, Defendants state that the provision of the California Labor Code speaks for itself and denies each and every remaining allegation contained therein.

54. Answering Paragraph 54, Defendants admit the allegations contained therein.

55. Answering Paragraph 55, Defendants state that the provision of the California Labor Code speaks for itself.

56. Answering Paragraph 56, Defendants state that the provision of the California Labor Code speaks for itself.

57. Answering the first Paragraph 57 that appears on page 23, Defendants state that the provision of the California Labor Code speaks for itself.

58. Answering Paragraph 58, Defendants deny each and every allegation contained therein.

59. Answering Paragraph 59, Defendants deny each and every allegation contained therein.

60. Answering Paragraph 60, Defendants deny each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

## (ALLEGED FAILURE TO PROVIDE REST PERIODS AND MEAL PERIODS OR COMPENSATION IN LIEU THEREOF)

61. Answering Paragraph 61, Defendants incorporate its answers to the preceding paragraphs as though fully set forth herein.

62. Answering Paragraph 62, Defendants deny each and every allegation contained therein.

63. Answering Paragraph 63, Defendants state that the provision of the California Labor Code speaks for itself.

**ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**

1    64.    Answering the second Paragraph 57 that appears on page 24, Defendants

2    deny each and every allegation contained therein.

3           Answering Paragraph 64 that appears on page 24, Defendants deny each and

4    every allegation contained therein.

5    65.    Answering Paragraph 65, Defendants deny each and every allegation

6    contained therein.

7    66.    Answering Paragraph 66, Defendants deny each and every allegation

8    contained therein.

9    67.    Answering Paragraph 67, Defendants deny each and every allegation

10   contained therein.

11   68.    Answering Paragraph 68, Defendants deny each and every allegation

12   contained therein.

13   69.    Answering Paragraph 69, Defendants deny each and every allegation

14   contained therein.

15                          **FIFTH CAUSE OF ACTION**

16              **(ALLEGED FAILURE TO PAY SPLIT SHIFT WAGES)**

17   70.    Answering Paragraph 70, Defendants incorporate its answers to the

18   preceding paragraphs as though fully set forth herein.

19   71.    Answering Paragraph 71, Defendants deny each and every allegation

20   contained therein.

21   72.    Answering Paragraph 72, Defendants state that the provision of the

22   California Labor Code speaks for itself.

23   73.    Answering Paragraph 73, Defendants state that the provision of the IWC

24   Wage Orders speak for themselves, denies that Plaintiffs were public housekeeping industry

25   workers and denies each and every remaining allegation contained therein.

26   74.    Answering Paragraph 74, Defendants state that the provision of the IWC

27   Wage Orders speak for themselves.

28   75.    Answering Paragraph 75, Defendants state that the provision of the

**ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**

1   California Labor Code speaks for itself.

2        76.    Answering Paragraph 76, Defendants state that the provision of the

3   California Labor Code speaks for itself.

4        77.    Answering Paragraph 77, Defendants deny each and every allegation

5   contained therein.

6        78.    Answering Paragraph 78, Defendants deny each and every allegation

7   contained therein.

8   **SIXTH CAUSE OF ACTION**

9   **(ALLEGED FAILURE TO INDEMNIFY EMPLOYEES FOR**

10   **ALL NECESSARY EXPENDITURES OR LOSSES INCURRED)**

11        79.    Answering Paragraph 79, Defendants incorporate its answers to the

12   preceding paragraphs as though fully set forth herein.

13        80.    Answering Paragraph 80, Defendants state that the provision of the

14   California Labor Code speaks for itself.

15        81.    Answering Paragraph 81, Defendants deny each and every allegation

16   contained therein.

17        82.    Answering Paragraph 82, Defendants deny each and every allegation

18   contained therein.

19   **SEVENTH CAUSE OF ACTION**

20   **(ALLEGED FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION)**

21        83.    Answering Paragraph 83, Defendants incorporate its answers to the

22   preceding paragraphs as though fully set forth herein.

23        84.    Answering Paragraph 84, Defendants state that the provision of the

24   California Labor Code speaks for itself.

25        85.    Answering Paragraph 85, Defendants state that the provision of the

26   California Labor Code speaks for itself.

27        86.    Answering Paragraph 86, Defendants deny each and every allegation

28   contained therein.

**ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**

1    87.    Answering Paragraph 87, Defendants state that the provision of the

2    California Labor Code speaks for itself.

3    88.    Answering Paragraph 88, Defendants deny each and every allegation

4    contained therein.

5    89.    Answering Paragraph 89, Defendants deny each and every allegation

6    contained therein.

7    90.    Answering Paragraph 90, Defendants admit that more than 30 days have

8    passed since Plaintiffs and some of the putative class members have ceased employment with

9    Meritage Dairy.  Except as specifically admitted, Defendants deny the remaining allegations in this

10   paragraph.

11   91.    Answering Paragraph 91, Defendants deny each and every allegation

12   contained therein.

### EIGHTH CAUSE OF ACTION

### (ALLEGED KNOWING AND INTENTIONAL FAILURE TO MAINTAIN AND
### PROVIDE ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS)

16   92.    Answering Paragraph 92, Defendants incorporate its answers to the

17   preceding paragraphs as though fully set forth herein.

18   93.    Answering Paragraph 93, Defendants state that the provision of the

19   California Labor Code speaks for itself.

20   94.    Answering Paragraph 94, Defendants deny each and every allegation

21   contained therein, including all subparagraphs.

22   95.    Answering Paragraph 95, Defendants state that the provision of the

23   California Labor Code speaks for itself.

24   96.    Answering Paragraph 96, Defendants state that the provisions of the

25   California Labor Code and case law authorities speak for themselves and denies each and every

26   remaining allegation contained therein.

27   97.    Answering Paragraph 97, Defendants deny each and every allegation

28   contained therein.

13

**ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**

98.     Answering Paragraph 98, Defendants deny each and every allegation contained therein.

## NINTH CAUSE OF ACTION

### (ALLEGED BREACH OF WRITTEN OR IMPLIED CONTRACT)

99.     Answering Paragraph 99, Defendants incorporate its answers to the preceding paragraphs as though fully set forth herein.

100.     Answering Paragraph 100, Defendants deny each and every allegation contained therein.

101.     Answering Paragraph 101, Defendants deny each and every allegation contained therein.

102.     Answering Paragraph 102, Defendants deny each and every allegation contained therein.

103.     Answering Paragraph 103, Defendants deny each and every allegation contained therein.

## TENTH CAUSE OF ACTION

### (ALLEGED UNFAIR AND UNLAWFUL ACTS IN VIOLATION
### OF UNFAIR COMPETITION LAW)

104.     Answering Paragraph 104, Defendants incorporate its answers to the preceding paragraphs as though fully set forth herein.

105.     Answering Paragraph 105, Defendants deny each and every allegation contained therein.

106.     Answering Paragraph 106, Defendants deny each and every allegation contained therein, including all subparagraphs.

107.     Answering Paragraph 107, Defendants state that the provision of the California Labor Code speaks for itself.

108.     Answering Paragraph 108, Defendants state that the provisions of the California Labor Code and case law authorities speak for themselves and denies each and every remaining allegation contained therein.

14

**ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**

109.     Answering Paragraph 109, Defendants deny each and every allegation contained therein.

110.     Answering Paragraph 110, Defendants deny each and every allegation contained therein.

111.     Answering Paragraph 111, Defendants deny each and every allegation contained therein.

112.     Answering Paragraph 112, Defendants deny each and every allegation contained therein.

[PARAGRAPHS 113 TO 120  AND PARAGRAPH 124 HAVE BEEN  INTENTIONALLY OMITTED AS THERE WERE NO CORRESPONDING PARAGRAPHS IN PLAINTIFFS' SECOND AMENDED COMPLAINT]

**ELEVENTH CAUSE OF ACTION**

**(ALLEGED VIOLATIONS OF THE CALIFORNIA LABOR CODE**

**PRIVATE ATTORNEY GENERAL ACT)**

121.     Answering Paragraph 121, Defendants incorporate its answers to the preceding paragraphs as though fully set forth herein.

122.     Answering Paragraph 122, Defendants state that the provisions of the California Labor Code speak for themselves and denies each and every remaining allegation contained therein.

123.     Answering Paragraph 123, Defendants state that the provisions of the California Labor Code speak for themselves and denies each and every remaining allegation contained therein.

125.     Answering Paragraph 125, Defendants deny each and every allegation contained therein.

126.     Answering Paragraph 126, Defendants state that the provision of the California Labor Code speaks for itself and denies each and every remaining allegation contained therein.

127.     Answering Paragraph 127, Defendants deny each and every allegation

**ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**

1   contained therein.

2          128.    Answering Paragraph 128, Defendants deny each and every allegation

3   contained therein.

4          129.    Answering Paragraph 129, Defendants admit that Plaintiffs purport to bring

5   a PAGA claim and contend that may assert the claim alternatively as a non-class claim or as a Rule

6   23 class action.   Defendants state that the provisions of the PAGA and the Business and

7   Professions Code speak for themselves.  Except as specifically admitted, Defendants deny the

8   remaining allegations in this paragraph.

9          130.    Answering Paragraph 130, Defendants deny each and every allegation

10  contained therein.

11         131.    Answering Paragraph 131, Defendants deny each and every allegation

12  contained therein.

13             **AFFIRMATIVE AND/OR ADDITIONAL DEFENSES**

14         By pleading the separate and additional defenses stated below, Defendant does not

15  admit that it has the burden of production or proof with respect to any such defense.

16                 **FIRST AFFIRMATIVE DEFENSE**

17                 **(Failure to State a Cause of Action)**

18         132.    Defendants allege that the Complaint, and each cause of action stated

19  therein, fails to allege facts sufficient to constitute a cause of action against any or all of the

20  Defendants.

21                 **SECOND AFFIRMATIVE DEFENSE**

22                 **(Statute of Limitations)**

23         133.    Defendants allege that Plaintiffs' claims are barred to the extent they seek to

24  recover for periods of time prior to the commencement of the applicable statute of limitations.

25                 **THIRD AFFIRMATIVE DEFENSE**

26                 **(No Standing to Assert MWSPA Claims)**

27         134.    Defendants allege that Plaintiffs lack standing to assert any claims under the

28  MWSPA, because Plaintiffs, and the persons they purport to represent, are neither "migrant" nor

**ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**

1  "seasonal" workers, and Defendant is not an "agricultural employer" within the meaning of the

2  MSWPA.

### FOURTH AFFIRMATIVE DEFENSE

#### (Portal-to-Portal Act)

5         135.    Plaintiffs and any individuals who may be joined in this action are barred

6  from seeking compensation for walking, riding, or traveling to and from the actual place of

7  performance of their principal activity and preliminary or postliminary activities engaged in either

8  prior to or subsequent to the principal activities for which they are employed to perform as

9  prescribed by the Portal-to-Portal Act, 29 U.S.C. § 254.

### FIFTH AFFIRMATIVE DEFENSE

#### (Hours Claimed Not Hours Worked)

12         136.    Plaintiffs and any individuals who may be joined in this action are barred

13  from seeking compensation for any hours claimed that do not meet the definition of "hours

14  worked" under California law or the applicable IWC Wage Order.

### SIXTH AFFIRMATIVE DEFENSE

#### (Good Faith/No Willful Violation)

17         137.    Actions taken by Defendants with respect to Plaintiffs and/or any individual

18  they seek to represent were taken in good faith and with a reasonable grounds to believe such

19  conduct comported with federal and state wage and hour laws, and was not willful, so liquidated

20  damages or other penalties would not be appropriate in this case even should Plaintiffs be entitled

21  to any wage remedy.

### SEVENTH AFFIRMATIVE DEFENSE

#### (*De Minimus* Activities)

24         138.    Any time spent engaging in activities prior to or after clocking in at

25  Defendant's location, including any time spent changing clothes or washing at the beginning or

26  end of each work day, was *de minimus* in nature, and as such was not compensable as "hours

27  worked" under federal or California law.

28  ///

ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT

1

## EIGHTH AFFIRMATIVE DEFENSE

2

### (Estoppel)

3        139.  Defendants allege that by reason of Plaintiffs' knowledge, statements and

4  conduct, Plaintiffs are barred by the doctrine of estoppel from any recovery.

5

## NINTH AFFIRMATIVE DEFENSE

6

### (Laches)

7        140.  Plaintiffs are barred from maintaining the alleged causes of action by the

8  doctrine of laches.

9

## TENTH AFFIRMATIVE DEFENSE

10

### (Unclean Hands)

11        141.  Based on the actions and conduct of Plaintiffs, Plaintiff are barred from

12  any recovery herein based on the doctrine of unclean hands.

13

## ELEVENTH AFFIRMATIVE DEFENSE

14

### (Waiver)

15        142.  Defendants allege that by reason of Plaintiffs' acts, words, and conduct,

16  Plaintiffs have waived any and all rights, and are therefore now barred from any recovery in the

17  present action.

18

## TWELFTH AFFIRMATIVE DEFENSE

19

### (At-Will Employment)

20        143.  Defendants alleges that Plaintiff was an at-will employee pursuant to

21  California Labor Code Section 2922, and thus, the Defendant employers could terminate

22  Plaintiff's employment at will.

23

## THIRTEENTH AFFIRMATIVE DEFENSE

24

### (Plaintiffs' Failure to Perform Contract)

25        144.  Defendants allege that Plaintiffs have not performed all conditions and

26  covenants of any alleged agreement with Defendant.

27  ///

28  ///

18

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (No Authority To Enter Into Contract)

145.    Defendants allege that any cause of action sounding in contract cannot be maintained because, if Defendant's agents took the actions alleged in forming the contract alleged, such actions were committed outside the course and scope of any employee's employment and were not authorized, adopted, or ratified by Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Statute of Frauds)

146.    Defendants allege that any cause of action sounding in contract asserted by Plaintiff is barred by the Statute of Frauds, embodied in California Civil Code section 1624(a)(1).

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Discharge of Contractual Responsibilities)

147.    Defendants allege that all of Meritage Dairy's contractual obligations, if any, alleged in the Second Amended Complaint have been discharged.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Excuse by Plaintiffs' Prior Breach)

148.    Defendants allege that performance of the contracts was excused by Plaintiffs' prior breach.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

149.    Plaintiffs at all times herein mentioned failed to mitigate the damages allegedly suffered as a result of the acts referred to in its Complaint.  Plaintiffs are therefore barred from recovering said damages which could have been mitigated by reasonable actions on its part.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (No Monies Due)

150.    Plaintiffs claims are barred in whole or in part to the extent that Defendant has paid Plaintiffs all monies due.

///

ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Offset)**

151.    Defendants allege that it is entitled to an offset against any relief claimed by Plaintiffs and/or any individual they claim to represent for time not worked or that otherwise is not required compensable time under state and/or federal law.  In addition, Defendant is entitled to offset any unpaid federal overtime amounts by compensation payed to Plaintiffs and to those individuals they purport to represent in excess of the statutory minimums pursuant to 29 U.S.C. § 207(h).

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Failure to Exhaust)**

152.    Plaintiffs failed to exhaust their administrative remedies and to give notice to Defendant of their claims as required by the PAGA, and therefore, they are not entitled to any relief or additional penalties of the PAGA.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(No Federal Question/Lack of Supplemental Jurisdiction)**

153.    The exercise of supplemental jurisdiction under 28 U.S.C. § 1367 over the Plaintiff's state law claims in the Second through Eleventh Causes of Action is inappropriate and should be declined by the Court because Plaintiffs cannot present a federal question under the MSWPA as Defendant is not an "agricultural employer" and Plaintiffs are not "migrant or seasonal workers" within the meaning of the MSWPA, 29 U.S.C. § 1802.  In addition to failing to state a federal question to which supplemental jurisdiction can attach, Plaintiffs' state law claims present complex issues of state law and those claims substantially predominate over any purported federal question claim under the MSWPA.   In addition, Plaintiffs have not alleged sufficient basis for this court to exercise jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. § 1332(d) because Plaintiffs have not established that the aggregate amount in controversy exceeds $5,000,000.00.

///

///

**ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Claims Not Proper for Class Treatment)

154.   The Complaint is not proper for treatment as a class action or collective action.  Plaintiffs therefore lack standing to represent the individuals they purport to represent.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Other Defenses)

155.   Defendants allege that there may be other affirmative defenses which are available.  Accordingly, Defendant reserve the right to assert additional affirmative defenses and to adopt affirmative defenses plead by other parties herein.

**WHEREFORE,** this answering Defendant pray for judgment as follows:

1.   That class certification under Fed. R. Civ. P. 23 be denied;

2.   That Plaintiffs take nothing against Defendant by way of the Second Amended Complaint;

3.   That judgment be entered for Defendant;

4.   That Defendant be awarded reasonable attorneys' fees and costs as provided by law; and,

5.   For such other and further relief as the court may deem just and proper.


DATED: November 10, 2008.                    BAKER MANOCK & JENSEN, PC


By /s/ Olga A. Balderama
Olga A. Balderama
John G. Michael
Attorneys for Defendant LASSEN DAIRY,
INC., TULE RIVER FARMS, INC., TULE
RIVER RANCH, INC., BONANZA FARMS,
and WILLIAM VANDER POEL, SR.


@PFDesktop\::ODMA/MHODMA/DMS;DMS;692008;1
14800.0006

21

**ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**