1  Stan S. Mallison (SBN 184191)
   Hector R. Martinez (SBN 206336)
2  Marco A. Palau (SBN SBN 242340)
   LAW OFFICES OF MALLISON & MARTINEZ
3  *StanM@MallisonLaw.com*
   *HectorM@MallisonLaw.com*
4  1042 Brown Avenue
   Lafayette, CA 94549
5  Telephone:     (925) 283-3842
   Facsimile:      (925) 283-3426
6
   **Attorneys for PLAINTIFFS**
7

8
                    UNITED STATES DISTRICT COURT
9
                   EASTERN DISTRICT OF CALIFORNIA
10
                          FRESNO DIVISION
11

12                                              )
   **JOSE A. LOPEZ, JUAN CARLOS APOLINAR,**     )
13 **JUAN JOSE ESTRADA SOTA, JUAN JOSE**        ) **Case No: 1:08-cv-00121-LJO-GSA**
   **CERVANTES, ISMAEL CUEVAS, REYNAR**         )
14 **MENDOZA, and JESUS RODRIGUEZ, on behalf**  )
   **of themselves and all other similarly situated**  ) **PLAINTIFFS' SUPPLEMENTAL**
15 **individuals,**                             ) **SCHEDULING REPORT**
                                                )
16                                              )
                 **PLAINTIFFS,**                ) Hearing Date:  June 1, 2008
17                                              ) Time:  9:30 a.m.
         **vs.**                                ) Courtroom 10
18                                              )
                                                )
19                                              )
                                                )
20 **LASSEN DAIRY INC. (doing business as**     )
   **"Meritage Dairy"); TULE RIVER FARMS INC;** )
21 **TULE RIVER RANCH, INC; BONANZA**           )
   **FARMS; and WILLIAM VANDER POEL, SR.**
22
                 **DEFENDANTS.**
23 _____

24

25

26

27

28

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA  94549
925.283.3842

1
2
3
4
5
6

Plaintiffs file this supplemental report pursuant to this court's guidance.  Again, Plaintiffs have been attempting to file a joint report but Defendants have not responded to Plaintiffs' request for Defendants to include their position herein.  Plaintiffs hope that Defendants will be more responsive and cooperate with Plaintiffs in submitting future joint reports to the Court.

7
8
9
10
11
12
13
14
15
16
17
18

Plaintiffs note that the parties have scheduled a mediation with Judge Howard Broadman (Ret.) on September 28, 2009, which was his earliest available opening.  However, the parties are currently seeking an alternative mediator that is available in July 2009.  At this point in time, Plaintiffs have proposed a mediator that is readily available to mediate this case in July.  Plaintiffs also see the Court's guidance concerning the Defendants unwillingness to provide discovery that would facilitate a mediation in his case.  For example, Defendants have not timely responded to Plaintiffs discovery requests, which would allow Plaintiffs to develop a damages model for mediation purposes.  Further, while Defendants assert economic hardship as to one of the entities named as defendants, they refuse to provide financial documents to substantiate that assertion.

19
20
21
22

    1.  <u>Summary of the Factual and Legal Contentions Set Forth in the Pleadings of Each Party, Including the Relief Sought by any Party Presently Before the Court.</u>

23

    (a)  Plaintiffs submit the following summary:

24
25
26
27

This is a Class Action pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 to vindicate rights afforded the class by the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801 et seq., the California Labor

28

Code, California Business and Professions Code §§ 17200 et seq.   This action is brought on behalf of Plaintiffs and a Class comprising all non-exempt agricultural workers employed or formerly employed by Defendants at Defendants' California dairy facilities.   The action seeks recovery of wages and compensation due and owing to Plaintiffs and the Class under federal and California laws.   For at least four years prior to the filing of this action and to the present, Defendants systematically maintained and enforced against its non-exempt employees, including Plaintiffs and Class Members, among others, the following unlawful practices and policies in violation of Federal and state wage and hour laws, including:

        a.      failing to pay minimum wages to Class members and Plaintiffs in conformance with Federal and California law, by (1) forcing Class Members and Plaintiffs to work "off-the-clock" without compensation; (2) paying Class members and Plaintiffs a salary that did not account for all hours worked; and (3) paying Plaintiffs and Class Members a set daily amount even though such employees routinely exceeded 8 hours;

        b.      failing to provide Class Members, including Plaintiffs, rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof, and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided, in violation of California and Federal law;

        c.      requiring Class Members, including Plaintiffs, to work at least five (5) hours without a meal period, and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation

for each workday that the meal period is not provided, in violation of California and Federal law;

d.  failing to provide split-shift pay to Class Members and Plaintiffs;

e.  failing to pay Class Members, including Plaintiffs, premium overtime wages in accordance with California Labor Code provisions and Industrial Welfare Commission Wage Orders, as well as other Federal and California laws;

f.  failing to pay Class Members, including Plaintiffs, the promised vacation pay in violation of California and Federal law;

g.  failing to pay Class Members, including Plaintiffs, wages due at voluntary or involuntary termination in violation of California and Federal law;

h.  failing to maintain and provide to Class Members, including Plaintiffs, accurate itemized wage statements as required by the California Labor Code and other State and Federal laws;

i.  failing to pay Class Members, including Plaintiffs, statutory penalties pursuant to California Labor Code §§ 201, 202, 203 and other Federal and California laws;

j.  forcing Class Members and Plaintiffs to purchase, use, and/or maintain tools and equipment (including gloves, scissors, and automobile), but failing to reimburse them for these expenses at their fair rental value, in violation of California Labor Code §2802 and other Federal and California laws;

k.  breach of contract;

l.  violation of unfair competition law;

m.  violation of the terms of the "working arrangement" pursuant to AWPA and state law;

n.    failure to pay wages when due pursuant to AWPA and state law; and

o.    failure to disclose or false representations regarding the terms and conditions of employment and other violations described in this complaint.

2.  <u>Proposed Amendments</u>

Plaintiffs need to complete discovery to determine the individuals who "caused" the labor law violations at issue.  Persons who "caused" the violations at issue are liable pursuant to California Labor Code §§2699, 558 and 1174 for wages and penalties owing pursuant to the California Labor Code Private Attorney General Act. §2698 et seq.  These amendments cannot occur until Plaintiffs have conducted substantial discovery on this issue to make this determination.

3.  <u>Summary Detailing the Uncontested and Contested Facts.</u>

a.    *Uncontested Facts*

Plaintiffs believe that the facts alleged in the Jurisdiction and Venue portion of the Complaint and the Intradistrict Assignment portion of the Complaint are not contested.

b.    *Contested Facts*

Plaintiffs believe that Defendants contest all of the substantive allegations of the complaint.

- 5 -

1

2      4.   <u>A Summary of the Legal Issues as to Which There is No Dispute (i.e.,</u>

3          <u>jurisdiction, venue, applicable federal or state law, etc., as well as a</u>

4          <u>summary of the disputed legal issues.).</u>

5
           a.     Jurisdiction – Plaintiffs believe that all parties agree that the
6
       Eastern District Court has jurisdiction over this case.
7
           b.     Venue – Plaintiffs believe that all parties agree that the Eastern
8
9      District Court is the proper venue for this case, and Fresno the proper division.

10         c.     Applicable Law – Plaintiffs believe that all parties agree that both

11     that Plaintiffs and Defendants are subject to the Fair Labor Standards Act and

12     California wage and hour, and contract law.

13     d.     Disputed legal issues – Plaintiffs believe that Defendants will dispute
14
       most, if not all, of Plaintiffs' legal positions.
15

16

17     5.   <u>The Status of All Matters Which Are Presently Set Before This Court.</u>

18     a.     No matters are presently before this Court.  The First Amended Complaint

19     was just filed (pursuant to a contested motion and order). Defendants have responded to
20
       the complaint.   Plaintiffs have issued discovery regarding class certification issues.
21

22

23     6.   <u>A Complete and Detailed Discovery Plan, including</u>

24         a.   A report of the results of the conference required by Federal Rules of

25            Civil Procedure 26(f)

26

27

28

(1) Timing:    Plaintiffs believe that they completed the 26(f) conference on March 25, 2008.

(2) Settlement discussion:  The parties are considering mediation and are negotiating the terms of the mediation.   Judge Howard Broadman (Ret.) has been selected as the mediator.   However, given that Judge Broadman is not available until September 28, 2009, the parties seeking an alternative that is available in July 2009.  Plaintiffs have proposed a mediator that is available in July 2009.  Thus, Plaintiffs believe they can complete a mediation by the end of July 2009.

(3) Disclosures:   The parties are negotiating the time for initial disclosures including all recently added parties.

(4) Preservation of documents:   Plaintiffs are preserving their documents.

b.  Any proposed changes in the timing, form, or requirement for disclosures required under FCP 26(a).

Plaintiffs have just added several parties and are attempting to negotiate with Defendants with regards to initial disclosures for all parties.

c.  Any changes which should be made in the limitations on discovery. imposed under FRCP 30, 31, and/or 33.

Plaintiffs believe that document discovery should proceed ahead of depositions to reduce costs and attorney time.

d.  An outline of the subjects on which discovery may be needed.

The case is likely to revolve closely around timekeeping and payroll documents indicating the start and stop times for each employee as well as investigation by contact with class members.

e.  Whether discovery should be conducted in phases or be limited to or focused upon particular subjects;

Plaintiffs believe that many of the issues can be resolved on the payroll and timekeeping data and records.

f.  Other elements of discovery plan

Plaintiffs believe that class and merits discovery are intimately intertwined and that any class certification issues and deposition discovery should be postponed until the parties have produced documentary evidence in this case.

g.  A firm cut-off date for discovery

Dates:  The parties believe that this case is appropriate early mediation and are meeting and conferring to determine this question.   The parties request that this Court continue the setting of cut off dates until the next CMC (or the mediation) has occurred.

h.  Dates agreed to by all counsel for:

1    Plaintiffs are unable to provide dates agreed to by all counsel given the lack of

2  input by Defendants.

3        i.    Settlement Discussions

4    The parties have initiated discussions concerning possible settlement of this

5  matter.

6        j.    Statement as to whether the Case is a Jury or Non-Jury Case

7  Plaintiffs have demanded a jury.

8

9

10       k.    An Estimate of the Number of Trial Days Required.  When counsel

11             cannot Agree, Each Party Shall Give His or Her Best Estimate

12  Plaintiffs estimate that this matter will require at least 10 trial days.

13

14

15       l.    Whether Either Party Requests Bifurcation or Trial or Has any other

16             Suggestion for Shortening Trial

17    Plaintiffs believe that there are a few simpler issues which could be bifurcated

18  for trial and class certification and dealt with on an expedited basis ahead of the

19  remainder of the case.   In particular, there are issues that can be resolved based upon

20  Defendants' payroll and timekeeping documents.

21       m.    Whether this Matter is Related to Any Matter Pending in the Court or

22             Any Other Court, Including Any Bankruptcy Court

23    The Parties believe that this matter is not related to any matter currently pending

24  in any Court.

25       n.    Emailed to ljoorders@caed.uscourts.gov

26

27

28

1    This Joint Scheduling Report will be emailed in Word to

2    ljoorders@caed.uscourts.gov.

3

4

          Respectfully submitted by,

5
                                        LAW OFFICES OF MALLISON &
6                                       MARTINEZ

7
                                        By:   /s/ Stan S. Mallison
8                                             Stan S. Mallison
                                              Attorneys for PLAINTIFF
9

10                                      By:   /s/ Hector R. Martinez
                                              Hector R. Martinez
11                                            Attorneys for PLAINTIFF

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                      - 10 -