Olga A. Balderama     #166476
Gary N. Lento         #225118
**BAKER MANOCK & JENSEN, PC**
5260 North Palm Avenue, Fourth Floor
Fresno, California 93704
Telephone:  559.432.5400
Facsimile:  559.432.5620

Attorneys for   Defendants LASSEN DAIRY INC. (doing business as "Meritage Dairy"); TULE RIVER FARMS INC; TULE RIVER RANCH, INC; BONANZA FARMS; and WILLIAM VANDER POEL, SR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| JOSE A. LOPEZ, JUAN CARLOS APOLINAR, JUAN JOSE ESTRADA SOTA, JUAN JOSE CERVANTES, ISMAEL CUEVAS, REYNAR MENDOZA, and JESUS RODRIGUEZ, on behalf of themselves and all other similarly situated individuals, <br><br> Plaintiffs, <br><br> vs. <br><br> LASSEN DAIRY INC. (doing business as "Meritage Dairy"); TULE RIVER FARMS INC.; TULE RIVER RANCH, INC.; BONANZA FARMS; and WILLIAM VANDER POEL, SR., <br><br> Defendants. | Case No.: 1:08-cv-00121-LJO-GSA <br><br> **AGREED DISCOVERY ORDER REGARDING MOTIONS TO COMPEL** <br><br> (Documents 58, 59 & 62) |

Plaintiffs JOSE A. LOPEZ, JUAN CARLOS APOLINAR, JUAN JOSE ESTRADA SOTA, JUAN JOSE CERVANTES, ISMAEL CUEVAS, REYNAR MENDOZA, AND JESUS RODRIQUEZ ("Plaintiffs"), by and through their counsel of record, Stan Mallison, Esq., of Mallison & Martinez; and Defendants, LASSEN DAIRY INC. doing business as "Meritage Dairy"; TULE RIVER FARMS INC; TULE RIVER RANCH, INC; BONANZA FARMS; and WILLIAM VANDER POEL, SR., (sometimes collectively referred to herein as "Defendants"), by and through their counsel of record, Gary N. Lento, Esq. and/or Olga A. Balderama, Esq., of Baker Manock & Jensen, PC., do hereby stipulate as follows:

1

**AGREED DISCOVERY ORDER REGARDING MOTIONS TO COMPEL**

1    WHEREAS, on June 18, 2010, counsel for Plaintiffs and Defendants appeared
2 before Magistrate Judge Gary S. Austin for Plaintiffs' (1) Motion to Compel Further Responses
3 to Plaintiffs' Second Set of Requests for Production of Documents, and (2) Motion to Compel
4 Further Responses to Plaintiffs' Third Set of Requests for Production of Documents;
5    WHEREAS, Judge Austin required the parties to spend the entire day meeting
6 and conferring, in person, in an attempt to resolve the discovery disputes referenced above, and
7 return to Court at 3:00 p.m. to inform him of the status of the discussions;
8    WHEREAS, based on the representations of parties' counsel, Judge Austin
9 continued the hearing on both Motions to Compel to Friday, June 25, 2010, at 9:30 a.m.;
10    WHEREAS, Defendants have filed a Motion for Summary Judgment;
11    WHEREAS, pursuant to the Second Scheduling Order dated February 4, 2010,
12 Doc. No. 56, the Motion for Summary Judgment is scheduled to be heard by the Honorable
13 Lawrence O'Neill, on August 12, 2010 at 8:30 a.m.;
14    WHEREAS, the parties have agreed to resolve plaintiffs' current motions to
15 compel, through the production of certain documents, information, and representations, as
16 described below,
17    **NOW, THEREFORE**, the parties, by and through their counsel, do hereby
18 **STIPULATE AND AGREE** as follows:
19    1.    The parties agree that the discovery dispute at issue here is limited to hourly
20 employees who performed services at Meritage Dairy, from October 1, 2005 until the closure of
21 Meritage Dairy, excluding office employees and Managers of Meritage Dairy.
22    2.    Defendant Lassen Dairy, Inc. will produce 2007 timekeeping data, for all hourly
23 employees who performed work at Meritage Dairy, from October 1, 2005 until the closure of
24 Meritage Dairy.  The 2007 data will be produced, by Tuesday, June 29, 2010, in the same (or
25 similar) electronic data form as the 2008 data previously produced, unless defendants determine
26 it is not available.  Defendants agree that the 2007 data will be representative for purposes of the
27 pending summary judgment and/or class certification motions for the period of 2007 and prior to
28 2007.  If defendants determine that the data is unavailable, then defendants will state this.

1  Defendants will state whether or not the 2007 data would have contained lunch punches.

2      3.    The parties agree for purposes of the summary judgment and/or class certification
3  motions that the named plaintiffs' payroll documents are representative for the class and
4  therefore will not produce any further payroll document and will not rely upon other payroll
5  documents for the summary judgment or class certification motions.

6      4.    Defendant Lassen Dairy, Inc. will produce all employee contact information for
7  all employees of Lassen/Meritage except managers and office workers.  This includes workers at
8  Bonanza who also worked at Meritage. Defendant may exclude any workers who properly "opt-
9  out" of the contact list –pursuant to the opt-out letter sent.

10      5.    Defendant Lassen Dairy, Inc. attests that there are no schedules for rest and meal
11  periods, and will not rely upon any such documents for either class certification or summary
12  judgment and will provide a letter to that effect.

13      6.    Defendant Lassen Dairy, Inc. attests that there are no documents which describe
14  the shifting between job duties by employees, and will not rely upon any such documents for
15  either class certification or summary judgment and will provide a letter to that effect.

16      7.    Defendant will produce the spreadsheets previously supplied to plaintiffs in native
17  format (i.e. .xls).Defendant will not rely upon any other documents or data regarding the
18  information set forth in the spreadsheets for either class certification or summary judgment and
19  will provide a letter to that effect.

20      8.    The parties will, by separate stipulation to be provided to Judge O'Neill for
21  approval, stipulate to move the date for plaintiffs to file their opposition to **July 9, 2010** to file
22  their Opposition to Defendants' Motion for Summary Judgment; and to allow Defendants up to
23  and including **August 7, 2010** to file their Reply.

24  ////
25  ////
26  ////
27
28

3
**AGREED DISCOVERY ORDER REGARDING MOTIONS TO COMPEL**

**IT IS SO STIPULATED.**

| | | |
|---|---|---|
| | Dated:   June 25, 2010. | **MALLISON & MARTINEZ** |
| | | By  */S/ Stan S. Mallison*<br>**Stan S. Mallison**<br>Attorneys for Plaintiffs JOSE A. LOPEZ, JUAN CARLOS APOLINAR, JUAN JOSE ESTRADA SOTA, JUAN JOSE CERVANTES, ISMAEL CUEVAS, REYNAR, MENDOZA, and JESUS RODRIGUEZ |
| | DATED:   June 25, 2010. | **BAKER MANOCK & JENSEN, PC** |
| | | By  */S/ Olga A. Balderama*<br>**Gary N. Lento**<br>**Olga A. Balderama**<br>Attorneys for Defendants LASSEN DAIRY INC. (doing business as "Meritage Dairy"),TULE RIVER FARMS INC., TULE RIVER RANCH, INC., BONANZA FARMS, and WILLIAM VANDER POEL, SR. |

## ORDER

1.   The discovery dispute at issue here is limited to hourly employees who performed services at Meritage Dairy, from October 1, 2005 until the closure of Meritage Dairy, excluding office employees and Managers of Meritage Dairy.

2.   Defendant Lassen Dairy, Inc. will produce 2007 timekeeping data, for all hourly employees who performed work at Meritage Dairy, from October 1, 2005 until the closure of Meritage Dairy.  The 2007 data shall be produced, by Tuesday, June 29, 2010, in the same (or similar) electronic data form as the 2008 data previously produced, unless defendants determine it is not available.  Defendants agree that the 2007 data will be representative for purposes of the pending summary judgment and/or class certification motions for the period of 2007 and prior to 2007.  If defendants determine that the data is unavailable, then defendants will state this. Defendants will state whether or not the 2007 data would have contained lunch punches.

3. Defendants may not not produce any further payroll documents and will not rely upon other payroll documents for the pending summary judgment or upcoming class certification motions.

4. Defendant Lassen Dairy, Inc. will produce by Friday July 2, 2010 all employee contact information for all employees of Lassen/Meritage except managers and office workers. This includes workers at Bonanza who also worked at Lassen/Meritage. Defendant may exclude any workers who properly "opt-out" of the contact list –pursuant to the opt-out letter sent.

5. Defendant Lassen Dairy, Inc. will attest that there are no schedules for rest and meal periods, and defendants will not rely upon any such documents for either class certification or summary judgment and will provide a letter to that effect by July, 2, 2009.

6. Defendant Lassen Dairy, Inc. attests that there are no documents that describe the shifting between job duties by employees, and will not rely upon any such documents for either class certification or summary judgment and will provide a letter to that effect by July 2, 2010.

7. Defendant will produce by June 29, 2010, the spreadsheets previously supplied to plaintiffs in native format (i.e. .xls) Defendant will not rely upon any other documents or data regarding the information set forth in the spreadsheets for either class certification or summary judgment and will provide a letter to that effect.

8. **This Court will not address or alter deadlines or hearings pertaining to dispositive motions. Any stipulation or motion to modify the deadlines concerning the motion for summary judgment, scheduled to be heard August 12, 2010, must be presented to District Judge Lawrence J. O'Neill for consideration.**

**IT IS SO ORDERED.**

Dated: June 29, 2010.

　　　　　　　　　　　　　　　　　　　／s/ Gary S. Austin
　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**

DMS: 837123_1
14800.0006

5
**AGREED DISCOVERY ORDER REGARDING MOTIONS TO COMPEL**