**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE A. LOPEZ, JUAN CARLOS APOLINAR, JUAN JOSE ESTRADA SOTA, JUN JOSE CERVANTES, ISMAEL CUEVAS, REYNAR MENDOZA, AND JESUS RODRIGUEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>LASSEN DAIRY, INC., d/b/a MERITAGE DAIRY, TULE RIVER FARMS INC, TULE RIVER RANCH, INC, BONANZA FARMS, and WILLIAM VANDER POEL, SR.,<br><br>Defendants.<br>_____/ | CASE NO. CV-F-08-121 LJO GSA<br><br>**ORDER TO DISMISS WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION** |

### BACKGROUND

In their second amended complaint, filed on October 24, 2008, plaintiffs Jose A. Lopez, Juan Carlos Apolinar, Juan Jose Estrada Sota, Juan Jose Cervantes, Ismael Cuevas, Reynar Mendoza, and Jesus Rodriguez ("plaintiffs") asserted eleven unfair wage and labor claims against defendants Lassen Dairy, Inc., d.b.a. Meritage Dairy, Tule River Farms, Inc., Tule River Ranch, Inc., Bonanza Farms, and William Vander Poel, Sr. (collectively "defendants"). Defendants moved for summary adjudication of plaintiffs' first cause of action, which alleged violations of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801 *et seq.* ("AWPA"). This Court found that the undisputed facts established that plaintiffs' employment at Meritage Dairy was neither "seasonal" nor "temporary in nature." Accordingly, this Court granted defendants' summary adjudication motion as to plaintiffs' AWPA cause of action, finding that plaintiffs lacked standing to assert the claim. Plaintiffs' AWPA claim was the only federal cause of action asserted against defendants.

In opposition to the summary adjudication motion, plaintiffs argued that in the event that the Court granted summary adjudication on the AWPA claim, this Court should grant plaintiffs leave to amend their complaint to assert a federal Class Action Fairness Act ("CAFA") claim. This Court denied plaintiffs' request without prejudice, ruling that plaintiffs must move for leave to file a third amended complaint through a properly noticed motion. In its August 10, 2010 order, the Court further noted: "It is not lost on the Court that a good deal of money is being wasted at the pleading stage due to a lack of diligence by the Plaintiffs. This should not be, and will not be in any way rewarded." Order on Motion for Summary Adjudication, p. 15.

Plaintiffs failed to move for leave to file an amended complaint. On September 30, 2010, plaintiffs filed a notice that a class certification motion would not be filed. Plaintiffs explained that another plaintiff was to file a state court class action covering the factual claims in this case, and that the parties were in the process of negotiating how to proceed with this action in light of the state court action. Plaintiffs requested a 30-day stay to continue negotiations, which this Court granted.

The parties filed a November 10, 2010 joint status report. Plaintiffs "request guidance on whether this Court wishes to exercise supplemental jurisdiction over the Plaintiffs' remaining claims in this case, which are all state law claims, or whether the court will decline to exercise supplemental jurisdiction." Plaintiffs explain that defendants rejected their proposed stipulations to either keep the action in federal court by adding a CAFA claim, or dismissing this action to litigate the claims in state court. Defendants admit that they have rejected plaintiffs' requests to allow a CAFA claim or to litigate the action in state court. Defendants argue that plaintiffs are attempting to forum shop. In addition, defendants contend that the parties "have fought long and hard on extensive law and motion" in this action, defendants have incurred over $120,000 in its defense of this action, and judicial economy and fairness do not warrant remanding this action to state court at this late date.

**Discussion**

As a court of limited jurisdiction, this Court must consider whether jurisdiction exists pursuant to Article III of the United States Constitution, and dismiss an action if jurisdiction is lacking. *Southern Pacific Transportation Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990), *cert. denied*, 112 S. Ct. 382 (1991); *see also*, Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks

subject-matter jurisdiction, the court must dismiss the action."). This Court has subject matter jurisdiction when an action either presents a federal question, 28 U.S.C. §1331, or satisfies diversity of citizenship and an amount in controversy, 28 U.S.C. §1332. The parties agree that this action presents neither a federal question nor diverse parties. Accordingly, this Court lacks subject matter jurisdiction over this action.

Nevertheless, plaintiffs "request guidance" as to whether this Court will exercise supplemental jurisdiction over their remaining state law claims. Defendants request that this Court retain supplemental jurisdiction over the remaining claims. Pursuant to 28 U.S.C. §1367(a), this Court "shall have supplemental jurisdiction over all [state law] claims that are so related to the [federal] claims that they form part of the same case or controversy under Article III of the United States Constitution." Pursuant to 28 U.S.C. §1367(c), however, this Court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if:

   (1) the claim raises a novel or complex issue of State law,

   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

   (3) the district court has dismissed all claims over which it has original jurisdiction, or

   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

In its Order on Defendants' Summary Adjudication Motion, this Court dismissed plaintiffs' AWPA claim, thereby dismissing "all claims over which it has original jurisdiction."

Defendants assert that this Court should exercise supplemental jurisdiction over plaintiffs' claims rooted in state law in the interests of judicial economy and fairness. Defendants argue that this Court is not compelled to remand an action in which federal jurisdiction exists if the federal claim is later dismissed. Defendants erroneously and consistently argue against remand; however, since this action originated in the federal court, this Court cannot remand this action to the state court. Instead, this Court can only dismiss this action for lack of subject matter jurisdiction. In addition, although defendants assert that this Court *has discretion* to exercise supplemental jurisdiction over the claims, defendants cite no authority to support its position that this Court *should exercise* supplemental jurisdiction in this action.

1     Although this Court retains discretion to dismiss state law claims pursuant to 28 U.S.C. §1367(c) if the federal claim was dismissed on its merits, "supplemental jurisdiction cannot exist without original jurisdiction." *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001). "[S]upplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it." *Id.*; *see also, Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936 (9th Cir. 2003), *cert. denied*, 541 U.S. 1041 (2004) (court has discretion to exercise supplemental jurisdiction over state law claims after the federal claims are dismissed unless dismissal was for lack of jurisdiction). Thus, "[i]f a federal claim is dismissed for lack of subject matter jurisdiction, a district court has no discretion to retain the supplemental claims for adjudication." *Herman Family*, 254 F.3d at 805.

In its Order on Defendants' Summary Adjudication Motion, this Court granted summary adjudication in defendants' favor because "plaintiffs lack[ed] standing to raise an AWPA claim." *Id*. at 15. Because this Court found that plaintiffs lacked standing to assert the federal claim, this Court never had federal jurisdiction over this action pursuant to 28 U.S.C. §1331. Because this Court lacked original jurisdiction, the court "had no power under either §1367 or Article III of the Constitution to adjudicate *any* claims in the lawsuit." *Herman Family*, 254 F.3d at 805 (emphasis in original). Under these circumstances, this Court is bound by the "requirement that the supplemental state-law claims be dismissed where the district court had no underlying original jurisdiction[.]" *Id*. at 806. Accordingly, although this Court understands defendants' concerns regarding judicial economy, this Court is required to dismiss without prejudice the remaining state law claims for lack of subject matter jurisdiction.

### CONCLUSION

For the foregoing reasons, this Court DISMISSES this action without prejudice and DIRECTS the clerk of court to close this action.

IT IS SO ORDERED.

**Dated:   November 12, 2010**               /s/ Lawrence J. O'Neill
                                                           UNITED STATES DISTRICT JUDGE

4